Filed 6/16/14  P. v. Roper CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B248381 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA393226) |
| v. | |
| SHAUN ROPER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, William N. Sterling, Judge.  Affirmed as modified.

Gloria C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, Taylor Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

Pursuant to a plea agreement, defendant and appellant Shaun Roper pleaded no contest to possession of a firearm by a felon (former Pen. Code, § 12021, subd. (a)(1)[1], now § 29800, subd. (a)(1)); possession for sale of a controlled substance (methamphetamine) (Health & Saf. Code, § 11378); and acquisition and retention of the personal identification of another with the intent to defraud, with a prior section 530.5 conviction (§ 530.5, subd. (c)(2)). The trial court granted the prosecution's motion to dismiss 26 other counts against defendant and allegations under section 667.5, subdivision (b). The trial court sentenced defendant to two years, eight months in prison with 889 days of presentence custody and conduct credit, and imposed a $10 section 1202.5 local crime prevention programs fine and accompanying penalty assessment; a $280 section 1202.4, subdivision (b)(1) restitution fine; a $280 section 1202.45 parole revocation restitution fine; a $120 section 1465.8, subdivision (a)(1) court operations assessment; and a $90 Government Code section 70373, subdivision (a)(1) court facilities assessment. On appeal, defendant contends that the trial court erred in imposing the section 1202.5 fine and penalty assessment.[2] We order the section 1202.5 fine stricken from defendant's abstract of judgment,[3] and otherwise affirm the judgment.

---

[1]  All statutory citations are to the Penal Code unless otherwise noted.

[2]  Defendant, acting in pro per, filed a notice of appeal concerning the "legality of the proceedings," including the denial of a suppression motion under section 1538.5. Although the sole issue on appeal concerns defendant's challenge to the section 1202.5 fine and penalty assessment, defendant's statement of appellate jurisdiction states that his appeal "pertains to the denial of a motion to suppress." Notwithstanding the misstatement of appellate jurisdiction in defendant's opening brief, defendant's appeal from the section 1202.5 fine and penalty assessment is appealable as a ground that arose after entry of the plea that does not affect the plea. (Cal. Rules of Court, rule 8.304(b)(4)(B).)

[3]  The abstract of judgment does not reflect a penalty assessment.

## DISCUSSION[4]

Defendant contends that the trial court erred in imposing a $10 local crime prevention programs fine under section 1202.5 and an accompanying penalty assessment because that fine does not apply to any of the offenses to which he pleaded no contest.[5] Respondent agrees as do we.

Section 1202.5, subdivision (a) provides in relevant part, "In any case in which a defendant is convicted of any of the offenses enumerated in Section 211, 215, 459, 470, 484, 487, subdivision (a) of Section 487a, or Section 488, or 594, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed." Because none of the offenses to which defendant pleaded no contest— violations of sections 530.5, subd. (c)(2) and 12021, subdivision (a)(1), and Health and Safety Code section 11378—is an enumerated offense in section 1202.5, the trial court erred in imposing a $10 fine under that section and accompanying penalty assessment. Accordingly, we order defendant's abstract of judgment modified by striking the $10 section 1202.5 local crime prevention programs fine.

---

**4**    Because the sole issue on appeal concerns the applicability of a section 1202.5 fine and penalty assessment to the offenses to which defendant pleaded no contest, we do not need to provide a factual background.

**5**    As an apparent aside, defendant also contends that his $280 section 1202.4, subdivision (b)(1) restitution fine; $120 section 1465.8, subdivision (a)(1) court operations assessment; and $90 Government Code section 70373, subdivision (a)(1) court facilities assessment were not subject to penalty assessments. Because the trial court did not impose penalty assessments with respect to that fine and those assessments, and defendant has not asked for any relief on appeal, we do not need to address defendant's contention further.

**DISPOSITION**

Defendant's abstract of judgment is ordered modified by striking the $10 section 1202.5 local crime prevention programs fine.  The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, Acting P. J.


We concur:


KRIEGLER, J.


MINK, J.*

_____

*       Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.